UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAWNDERSHEA R., | |
| Plaintiff, | CASE NO. C22-5982-GJL |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |
| Defendant. | |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's denial of Plaintiff's applications for disability benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned Magistrate Judge.

Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is **AFFIRMED**.

### I. BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits (DIB) on April 26, 2019, and an application for Supplemental Security Income (SSI) on February 24, 2020, alleging disability beginning December 31, 2016. AR 62, 120–21. After the applications were denied at the initial

ORDER
PAGE - 1

level and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). The ALJ held a hearing on August 12, 2021, and took testimony from Plaintiff and a vocational expert (VE). AR 114–73. At the hearing, Plaintiff amended the alleged onset date to March 15, 2019. AR 139–40. On November 3, 2021, the ALJ issued a decision finding Plaintiff not disabled. AR 62–75. The Appeals Council denied Plaintiff's request for review on October 20, 2022, making the ALJ's decision the final decision of the Commissioner. AR 1–7; *see* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff appeals the denial of disability benefits to this Court.

## II.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of disability benefits if it is based on legal error or not supported by substantial evidence in the record. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022).

## III.   THE ALJ'S FINDINGS

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At steps one through three, the ALJ found Plaintiff has not engaged in substantial gainful activity, has had one or more severe impairments, and has not had an impairment or combination of impairments that meet or equal the criteria of a listed impairment since the amended alleged onset date. AR 65–67. The ALJ found Plaintiff has the following severe impairments: left shoulder degenerative disc disease; attention-deficit hyperactivity disorder (ADHD); bipolar disorder; and panic disorder. AR 65.

At step four, the ALJ found Plaintiff has the residual functional capacity (RFC) to perform medium work, as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), with the following limitations:

> [Plaintiff] is able to occasionally climb ladders, ropes, and scaffolds. She is able to understand, remember, and carry out detailed but not

>complex instructions. She is able to perform predictable tasks. She is able to tolerate work that is not in a fast-paced production type environment. She is able to tolerate exposure to occasional workplace changes. She is able to occasionally interaction with the general public and co-workers.

AR 67. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 73–74.

At step five, the ALJ found Plaintiff capable of making a successful adjustment to other work that exists in significant numbers in the national economy. AR 74–75. The ALJ thus concluded Plaintiff has not been under a disability since the amended alleged onset date. AR 75.

## IV.     DISCUSSION

Plaintiff raises the following issues on appeal: (1) Whether the ALJ properly evaluated the medical opinion evidence and (2) whether the ALJ articulated legally sufficient reasons for rejecting Plaintiff's subjective claims. Plaintiff requests remand for an award of benefits or, in the alternative, remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1.     Medical Opinion Evidence**

A.     <u>Dr. William R. Wilkinson, Ed.D.</u>

Dr. Wilkinson, a consultative examiner, evaluated Plaintiff August 8, 2021, and assessed marked limitations in Plaintiff's ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; adapt to changes in a routine work setting; maintain appropriate behavior in a work setting; and complete both a normal workday and workweek without interruptions from psychologically based symptoms. AR 1100.

The ALJ did not find Dr. Wilkinson's opinion persuasive. AR 72. The ALJ found Dr.

ORDER
PAGE - 3

Wilkinson's opinion "not consistent with the longitudinal record" and "contains limited objective testing to support this opinion." AR 72.

Plaintiff argues the ALJ erred by preferring the opinions of the state agency physicians because those physicians did not see Dr. Wilkinson's opinion. Dkt. 23, at 6. Plaintiff argues "[l]ater evidence can change the probative value of earlier" and that Dr. Wilkinson "wrote last and was best at capturing the trajectory of the evidence." *Id.* (citing 20 C.F.R. §§ 404.1520c(c)(5), 416.920c(c)(5)); Dkt.31, at 4. The regulations cited by Plaintiff provide that an ALJ may consider "other factors that tend to support or contradict a medical opinion," including "whether new evidence [the agency] receive[s] after the medical source made his or her medical opinion . . . makes the medical opinion or prior administrative medical finding more or less persuasive." 20 C.F.R. §§ 404.1520c(c)(5), 416.920c(c)(5).

Plaintiff has not identified any new evidence that undermines the state agency opinions. Further, Plaintiff cites no authority for the proposition that a later opinion is inherently more probative than an earlier opinion. To the contrary, the regulations require the ALJ to articulate the persuasiveness of "*all* of the medical opinions and *all* of the administrative medical findings in [the claimant's] case record" and explain how the ALJ considered the supportability and consistency factors for those opinions—the most important factors. *Id.* at §§ 404.1520c(a)–(b), 416.920c(a)–(b) (emphases added). Plaintiff has not challenged the ALJ's evaluation of the supportability or consistency of the state agency opinions. Therefore, Plaintiff has not shown the ALJ erred by finding the state agency opinions more persuasive than Dr. Wilkinson's opinion.

Plaintiff argues the ALJ erred by criticizing Dr. Wilkinson's use of a checkbox form and by "not accepting interview data as essentially objective in this [psychological evaluation] context." Dkt. 23, at 6. An ALJ may reject a medical opinion that is unsupported by clinical

ORDER
PAGE - 4

findings. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *see also* 20 C.F.R. §§ 404.1520c(c), 416.920c(c) (supportability factor). Dr. Wilkinson's clinical findings describe Plaintiff's thought process and content, perception, fund of knowledge, concentration, abstract thought, and insight and judgment as within normal limits. AR 1102. Dr. Wilkinson further evaluated Plaintiff's recent and immediate memory and found Plaintiff "was below normal limits and then within normal limits, respectively." AR 1102. The ALJ reasonably found Dr. Wilkinson's clinical findings provided limited support for the doctor's assessment of marked limitations. Therefore, the ALJ properly found Dr. Wilkinson's opinion unpersuasive based on limited supportability from the doctor's clinical findings, and the ALJ's conclusion has the support of substantial evidence.

Plaintiff argues Plaintiff's symptom reports to Dr. Wilkinson constitute objective data, which the ALJ improperly ignored. Dkt. 23, at 6–7; Dkt. 31, at 2–3. An ALJ may not reject a mental health provider's opinion based solely on the provider's partial reliance on a claimant's self-reports. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (noting psychological evaluations "will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient"). The ALJ found Dr. Wilkinson's "opinion outlines [Plaintiff's] subjective complaints." AR 72. However, the ALJ did not reject Dr. Wilkinson's opinion solely because the doctor relied on Plaintiff's self-reports; rather, the ALJ found Dr. Wilkinson's opinion inconsistent with the overall record, which the ALJ found "shows very limited mental health treatment," and lacked support from the doctor's objective findings. AR 72. Moreover, as discussed below, the ALJ properly discounted Plaintiff's subjective symptom testimony. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) ("A physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and

limitations may be disregarded where those complaints have been properly discounted." (internal quotation marks and citation omitted)). Therefore, Plaintiff has not shown the ALJ erred when evaluating the persuasiveness of Dr. Wilkinson's opinion.

Plaintiff next argues Plaintiff's "daily activities the ALJ cited elsewhere," such as the ability to drive and play chess, "were not inherently demanding beyond what Dr. Wilkinson observed." Dkt. 23, at 7. The ALJ did not find Dr. Wilkinson's opinion inconsistent with evidence of Plaintiff's daily activities, nor did the ALJ reject the doctor's opinion on that basis. Therefore, Plaintiff's argument does not show error in the ALJ's evaluation of Dr. Wilkinson's opinion.

B.  Dr. Terilee Wingate, Ph.D.

Dr. Wingate, a consultative examiner, evaluated Plaintiff on January 21, 2020, and assessed marked limitations in Plaintiff's ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and complete both a normal workday and workweek without interruptions from psychologically based symptoms. AR 1108–09.

The ALJ did not find Dr. Wingate's opinion persuasive. AR 72. The ALJ found Dr. Wingate's opinion neither consistent with the longitudinal record nor supported by the doctor's examination findings. AR 72.

Plaintiff argues the ALJ improperly rejected Dr. Wingate's opinion because "Dr. Wingate was the uncontroverted expert interpreting testing data she assembled firsthand, testing, observing, and reviewing records with Plaintiff, while the ALJ was a lay person." Dkt. 23, at 8. Plaintiff argues Dr. Wingate, as well as Dr. Wilkinson and Plaintiff's counselor, Garret Jones, were "professionally trained and experienced firsthand with Plaintiff in an effort to cure" so were

"better . . . to assess the final functional meaning of [their] treatment." *Id.* at 8–9; Dkt. 31, at 3–4.

Here, the record does not indicate the ALJ improperly rendered his own medical opinion when rejecting Dr. Wingate's opinion; rather, the ALJ found Dr. Wingate's opinion inconsistent with the record evidence, which the ALJ found showed conservative mental health treatment, and unsupported by the doctor's examination findings, which the ALJ found showed Plaintiff was able to complete multi-step tasks, recall words, spell WORLD backwards, and interpret proverbs. AR 72. The ALJ thus properly considered the consistency and supportability factors when evaluating Dr. Wingate's opinion and reasonably found Dr. Wingate's opinion unpersuasive based on these factors. The ALJ's conclusions has the support of the substantial evidence.

    C.    <u>Garret D. Jones, MSW, LICSWA</u>

Mr. Jones, Plaintiff's treating counselor, completed a medical source statement dated September 29, 2020, and assessed Plaintiff's impairments preclude her performance/productivity for 10 to 30% of an eight-hour workday in several areas of mental functioning. AR 793–95. Mr. Jones also opined Plaintiff would be absent from work for five days or more per month and off task for more than 30% of an eight-hour workday. AR 796.

The ALJ did not find Mr. Jones' opinion persuasive. AR 72. The ALJ found Mr. Jones' opinion "is not consistent with the record or supported by his treatment history with the claimant." AR 71.

Plaintiff argues the ALJ's reasons for discounting Mr. Jones' opinion "were not legally sufficient for the same reasons as for Drs. Wingate and Wilkinson" and that Plaintiff's arguments "advanced above in defense of their opinions . . . apply to Mr. Jones as well." Dkt. 23, at 10–11. As discussed above, the ALJ failed to identify reversible error in the ALJ's evaluation of Dr. Wilkinson and Dr. Wingate's opinions. Plaintiff's arguments similarly fail to show error in the

ORDER
PAGE - 7

ALJ's evaluation of Dr. Jones' opinion.

Plaintiff next argues Plaintiff complied with mental health treatment and Plaintiff's "daily activities did not match the rigor of the world of work." Dkt. 23, at 10–11. An ALJ properly considers whether a medical opinion is consistent with evidence from other medical sources. *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2) (consistency factor). The ALJ found Mr. Jones' opinion inconsistent with evidence that Plaintiff received conservative mental health treatment throughout the record and "reported a wide variety of activities, which suggest adequate concentration," such as shopping, handling finances, driving, and playing competitive chess. AR 71–72. The ALJ further found Mr. Jones' opinion unsupported by the provider's progress notes, which indicated Plaintiff's mental conditions were stable, Plaintiff's concentration improved with conservative treatment, and Plaintiff tolerated treatment well. AR 72; *see Tonapetyan*, 242 F.3d at 1149 (an ALJ may reject a medical opinion that is unsupported by clinical findings).

Substantial evidence supports the ALJ's evaluation of Mr. Jones' opinion. Plaintiff reported in August 2020 that "[s]he enjoys playing chess online on a competitive basis" and that "[s]he finds this relaxing and helps her concentration." AR 910. Plaintiff further reported to her providers that she found therapy helpful, her medications were working for her, she felt stable with medication, and her medication helps her stay on task, complete tasks, and control her mood and anxiety. AR 741, 746, 909–10. The ALJ thus reasonably discounted Mr. Jones' opinion based on the lack of supportability and consistency.

Plaintiff argues the ALJ ignored findings in the record "especially interview data, and ultimate conclusions supporting [Plaintiff's] need for special supervision." Dkt. 31, at 7. "[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that

claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). As discussed above, substantial evidence supports the ALJ's evaluation of Mr. Jones' opinion, and the ALJ reasonably found the degree of limitation assessed by Mr. Jones lacked consistency with the overall record and lacked support from the provider's treatment notes. Therefore, Plaintiff's alternative interpretation of the evidence does not show the ALJ erred when evaluating the persuasiveness of Mr. Jones' opinion.

### 2. Subjective Testimony

Plaintiff argues the ALJ failed to articulate sufficient reasons for rejecting Plaintiff's subjective claims. Dkt. 23, at 10. The ALJ must provide specific, clear, and convincing reasons, supported by substantial evidence, for rejecting a claimant's subjective symptom testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996).

Plaintiff alleges she is unable to work due to volatile mood swings, difficulty focusing, emotional lability, isolating behaviors, and difficulty lifting and reaching. AR 70, 370–77. The ALJ found Plaintiff's allegations "not fully consistent with the overall record," which shows conservative treatment, routinely intact examination findings, and "a largely unremarkable consultative examination." AR 70. The ALJ further found the evidence indicated Plaintiff is intellectually above average, has good understanding and insight, and is able to perform activities requiring "robust concentration." AR 70.

Plaintiff argues "no doctor identified malingering," Plaintiff's physicians "gave credence to Plaintiff's subjective claims to the extent they conformed with findings and limitations," and Plaintiff complied with treatment "making her a good patient and a reliable witness to her own symptoms." Dkt. 23, at 10. Plaintiff's arguments fail to identify error in the ALJ's evaluation of

ORDER
PAGE - 9

Plaintiff's subjective testimony. At most, Plaintiff offers an alternative interpretation of the evidence, which does not show reversible error or deprive the ALJ's finding of substantial evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

Moreover, substantial evidence supports the ALJ's evaluation of Plaintiff's subjective testimony. Plaintiff reported she is able to maintain her own personal care, care for her dog, leave the house three days a week, drive, shop in stores on her own as well as by phone, mail, and computer, and manage her own finances. AR 370–77. Additionally, as discussed above, Plaintiff reported to providers that her mental health conditions are stable with treatment and that medication helps her with staying on task, completing tasks, and controlling her mood and anxiety. AR 741, 746, 909–10.

An ALJ may discount a claimant's subjective testimony regarding the severity of an impairment where the claimant received conservative treatment or where the testimony is inconsistent with evidence of a claimant's daily activities. *See Ahearn v. Saul*, 988 F.3d 1111, 1116–17 (9th Cir. 2021); *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007). Moreover, "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Therefore, the ALJ properly evaluated Plaintiff's subjective testimony and reasonably found Plaintiff's testimony not fully consistent with the record.

///

///

///

## V. CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **AFFIRMED**.

DATED this 4th day of August, 2023.

Grady J. Leupold
United States Magistrate Judge